Timothy C. Kelly
Kelly Law Office
Post Office Box 65
Emigrant, Montana 59027
406/333-4111 (voice)
tckelly@attglobal.net

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## District of Montana

## Billings Division

| | |
|---|---|
| Montana Fair Housing, Inc., | ) |
| | ) |
| Plaintiff, | ) Case No. _____ |
| versus | ) |
| | ) COMPLAINT |
| McCall Development, Inc., McCall | ) |
| Homes, LLC, James McCall, C. | ) Jury Requested |
| Morgan, N. Morgan, M. Clawson, G. | ) |
| Johnston, D. Johnston, W. Waldo, D. | ) |
| Waldo, D. Enrich, and J. Does 1-5, | ) |
| unknown architects or design | ) |
| professionals, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

1. This Complaint is brought by the Plaintiff, Montana Fair Housing, Inc. (also, referred to as "MFH" or "Fair Housing"), a nonprofit Montana corporation, as a party aggrieved by the unlawful discriminatory acts of the Defendants and each of them.

2. Fair Housing brings this action against the Defendants for (a) violations of the accessibility design and construction requirements set forth in 42 USC §3604(f) of the Fair Housing Act (FHA), and (b) violations of state fair housing laws set forth in §49-2-305 of the Montana Human Rights Act (HRA), Title 49 of the Montana Codes Annotated.

3. Plaintiff seeks declaratory, injunctive and affirmative relief to remedy the past violations of the above referenced state and federal nondiscrimination laws, to prevent future violations of those laws, and to require performance of the Defendants of their respective obligations under those laws.  Plaintiff also seeks damages as permitted by law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. §§1343 and 1331, and 42 U.S.C. §§3612 and 3613, among other federal laws.  The Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over those claims under state laws arising from the same core of operative facts.

5. The real properties which are the subject of this civil action are located in Yellowstone Couty, Montana.  Venue is proper under 28 U.S.C. §1391.

## SUBJECT PROPERTIES

6. This Complaint concerns or relates to the improved real properties

(hereafter, "improved subject properties") located in Billings, Montana, at 5531 Elysian Road, 5537 Elysian Road, 5551 Elysian Road, 5536 Sacagawea Road, and 5540 Sacagawea Road.

7. The legal description of the improved subject properties are as follows:

   a. 5531 Elysian Road - S17, T01 S, R26 E, UNIT 3, 3.846% COMMON AREA INTEREST. LOC@ LT 25A BLK 10 RIVERFRONT POINTE SUB AMO (GEOCODE: 03-0927-17-3-02-11-5003);

   b. 5537 Elysian Road - S17, T01 S, R26 E, UNIT 6, 3.846% COMMON AREA INTEREST, LOC@ LT 25A BLK 10 RIVERFRONT POINTE SUB AMO (GEOCODE: 03-0927-17-3-02-11-5006);

   c. 5551 Elysian Road - S17, T01 S, R26 E, UNIT 11, 3.846% COMMON AREA INTEREST, LOC@ LT 25A BLK 10 RIVERFRONT POINTE SUB AMO (GEOCODE: 03-0927-17-3-02-11-5011);

   d. 5536 Sacagawea Road - S17, T01 S, R26 E, UNIT 20, 3.846% COMMON AREA INTEREST. LOC@ LT 25A BLK 10 RIVERFRONT POINTE SUB AMO (GEOCODE: 03-0927-17-3-02-11-5020);

   e. 5540 Sacagawea Road - S17, T01 S, R26 E, UNIT 21, 3.846% COMMON AREA INTEREST. LOC@ LT 25A BLK 10 RIVERFRONT POINTE SUB AMO (GEOCODE: 03-0927-17-3-02-11-5021).

8. This Complaint also concerns or relates to any unimproved real properties located in Yellowstone County in which Defendants McCall Development, McCall Homes, and/or James McCall holds any ownership interest.

9. The improved subject properties contain single-story ground floor units.

10. The residential units at those subject properties are "dwellings" within the meaning of 42 U.S.C. § 3602(b) and are "housing accommodations" as defined by §49-2-101(14), MCA.  With respect to the improved subject properties referenced herein, the term "dwellings" and "housing accommodations" are substantially equivalent.

11. The single story ground-floor units at those subject properties are "covered multifamily dwellings" within the meaning of 42 U.S.C. § 3604(f)(7)(B) and "covered multifamily housing accommodations" as defined by §49-2-305(6)(b), MCA.

12. The single story ground-floor units at those subject properties are subject to the accessibility requirements of 42 U.S.C. § 3604(f)(3)(C) and §49-2-305(5), MCA.

## PARTIES

13. Plaintiff Montana Fair Housing, Inc., is a nonprofit Montana corporation organized under the laws of Montana with its principal place of business located at Butte, Montana.

    a. MFH specific purposes and goals include the promotion of equal opportunity in the renting of housing and elimination of all forms of

illegal housing discrimination in the state of Montana. To this end, MFH engages in activities that include but are not limited to the following: (1) counseling persons in need of housing regarding their right to equal housing opportunities and the location of housing available on a nondiscriminatory basis that is accessible to persons with disabilities; (2) investigating allegations of discrimination and conducting investigations of housing facilities to determine whether housing is available on an equal opportunity basis; (3) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices; (4) providing outreach and education to the community and housing providers and consumers regarding fair housing; (5) identifying housing in various markets of Montana that is available for sale or rent or development on a nondiscriminatory basis; (6) distributing information about housing available on a nondiscriminatory basis to various organizations, agencies and persons seeking equal housing opportunities; and (7) identifying, providing information to and training of housing providers and developers and builders that are engaged in the design and construction of covered multifamily

        dwellings and housing accommodations.

    b.    MFH brings this action on its own behalf and for its supporting constituents who promote and seek housing on an equal opportunity basis, including housing that is accessible to persons with disabilities.

14.    Defendants

    a.    Defendant McCall Development, Inc., is a for profit Montana corporation with its principal offices in Billings.

    b.    Defendant McCall Homes, LLC, is a Montana limited liability company with its principal offices in Billings. McCall Homes also does business as "Annafeld," a "master planned community" in Billings.

    c.    Defendant James McCall was President of McCall Development during periods relevant to this case.

    d.    Defendants C. Morgan, N. Morgan, M. Clawson, G. Johnston, D. Johnston, W. Waldo, D. Waldo, D. Enrich each has an ownership interest in one of the covered multifamily dwellings described previously.

    e.    Defendants John Does 1-5 are persons, presently unknown, who were the architects or other design professionals that directly participated

in the design and/or construction of the covered multifamily dwellings at the improved subject properties.

## EVENTS

15. In May 2017, May 2018, August 2018, September 2018, and October 2018, Montana Fair Housing, through staff or volunteers, visited the improved subject properties to determine potential compliance or noncompliance with federal and state fair housing accessibility requirements. The Plaintiff (a) observed barriers to accessibility at the improved subject properties, (b) conducted further investigation to identify the status of the improved subject properties, as well as the developer, builder and owners of the improved subject properties, and (c) acted to obtain copies of building permits, certificates of occupancy and other public documents concerning the design and construction of the improved subject properties.

16. Barriers to accessibility at the improved subject properties include, but may not be limited to, the failure to provide an accessible main entrance on an accessible route for the covered multifamily dwellings located there, with one or more steps preventing accessibility by a person using a wheelchair or by other persons with mobility impairments who are unable to step up to gain access those dwellings.

17. The City of Billings issued:

    a. a Certificate of Occupancy for the dwelling located at 5531 Elysian Road, Billings, MT, on December 30, 2016;

    b. a Certificate of Occupancy for the dwelling located at 5537 Elysian Road, Billings, MT, on December 30, 2016;

    c. a Certificate of Occupancy for the dwelling located at 5536 Sacagawea Road, Billings, MT, on September 15, 2017;

    d. a Certificate of Occupancy for the dwelling located at 5540 Sacagawea Road, Billings, MT, on August 4, 2017; and

    e. a Certificate of Occupancy for the dwelling located at 5551 Elysian Road, Billings, MT, on June 9, 2017.

18. On July 28, 2016, October 13, 2016, and November 22, 2016, Montana Fair Housing notified James McCall and McCall Development, in writing, of the obligations to design and construct multifamily dwellings in accordance with federal and state fair housing laws in order to promote equal housing opportunities at their planned residential community.

19. On July 28, 2016, October 13, 2016, and November 22, 2016, Montana Fair Housing furnished James McCall and McCall Development with written information concerning the federal Fair Housing Act, the Montana Human

Rights Act, the Design and Construction Manual published by HUD, and with an offer of additional assistance in obtaining information to assure compliance with the accessibility requirements of fair housing laws.

20. In September and October 2018, Montana Fair Housing did a windshield survey of dwellings at the improved subject properties and determined that various covered multifamily dwellings at the improved subject properties continued to lack compliance with the accessibility requirements of federal and state laws.

21. Defendants McCall Development, McCall Homes, James McCall and John Does 1-5 knew and were aware of the accessibility requirements for the design and construction of the buildings at the improved subject properties, but intentionally failed and refused to comply with those requirements and acted with a conscious or reckless disregard of the fundamental rights of persons with disabilities and persons associated with persons with disabilities such as Montana Fair Housing and its staff, volunteers and supporting constituents.

22. Defendants McCall Development, McCall Homes, James McCall and John Does 1-5 and each of them, acting together and in one combination or another, intentionally caused the covered multifamily dwellings at the

improved subject properties to be designed and built in a manner that is not accessible to nor usable by persons with disabilities on an equal opportunity basis.

23. As a result of the discriminatory conduct of the Defendants McCall Development, McCall Homes, James McCall and John Does 1-5, Montana Fair Housing has suffered actual damages, including the frustration of its mission to achieve equal housing opportunities and diversion of its resources. As a further result, Fair Housing has expended and will continue to expend time and resources to counteract and investigate the discriminatory conduct of Defendants McCall Development, McCall Homes, James McCall and John Does 1-5.

24. As a direct and proximate result of the acts and omissions of the Defendants McCall Development, McCall Homes, James McCall and John Does 1-5 as described above, MFH has sustained economic losses, diversion of its resources from its program to promote and counsel and educate about equal housing opportunities, had its informational programs regarding equal housing opportunities impaired and diluted, sustained frustration of its organizational purposes and mission, and sustained other injuries.

25. As a direct and proximate result of the acts and omissions of the Defendants

McCall Development, McCall Homes, James McCall and John Does 1-5, the covered multifamily dwellings at the improved subject properties are not and will not be available on an equal opportunity basis to persons with disabilities, including persons who seek counseling from MFH, persons and agencies who seek information from MFH about housing in Billings that is available on an equal opportunity basis (including accessible housing), and other persons who are supporting constituents of MFH.

26. The Defendants C. Morgan, N. Morgan, M. Clawson, G. Johnston, D. Johnston, W. Waldo, D. Waldo, and D. Enrich, as persons holding ownership interests in the covered multifamily dwellings at the improved subject properties are each necessary to this action in order to effectuate relief that remedies the violations of federal and state fair housing laws at the improved subject properties.

27. The allegations set forth in Paragraphs 1-25 above are reincorporated into each of the following Counts I and II.

## COUNT I

Federal Law - FHAA Violations by Defendants

28. Each of the Defendants acting individually and in one combination or another designed, constructed and/or have operated the covered multifamily

dwellings at the improved subject properties in violation of 42 U.S.C. §3604(f).

29. Montana Fair Housing is entitled to an award of equitable relief against all Defendants as permitted by law sufficient to rectify the conditions at the improved subject properties which unlawfully discriminate against persons with disabilities and to minimize the likelihood of future fair housing violations by the Defendants, acting individually or in one combination or another.

30. Plaintiff is also entitled to an award of damages as permitted by law sufficient to rectify the harm to MFH resulting from the discriminatory acts of one or more of the Defendants and to deter said Defendants and similarly situated others from engaging in further violations of federal fair housing laws in the future.

## COUNT II

### State Law - Title 49 Violations by Defendants

31. Each of the Defendants acting individually and in one combination or another designed, constructed and/or have operated the improved subject properties in a manner that fails to comply with the accessibility requirements of §49-2-305(5)(c), M.C.A., and have otherwise acted to


violate §§49-2-305(1)(d), 49-2-305(3), and 49-2-305(9), MCA.

32. MFH is entitled to an order of injunctive relief pursuant to §49-2-506, MCA, as a matter of law, and to award of equitable relief against said Defendants sufficient to rectify the conditions at the improved subject properties that violate the provisions of §49-2-305, M.C.A., to minimize the likelihood of similar violations in the future, and to alert state agencies that may license the business or professional activities of any of the Defendants of their violations of the law.

33. Montana Fair Housing is entitled to an award of damages against each of said Defendants as permitted by law sufficient to rectify the harm to MFH resulting from the unlawful discriminatory acts of the Defendants.

WHEREFORE, Plaintiff requests judgment in its favor and against each of the Defendants on the Counts as set forth above and further requests that the Court:

A. Declare that the improved subject properties were designed and constructed and operated in a manner that violates the accessibility requirements of federal and state fair housing laws;

B. Enjoin each Defendant from failing to take action to correct or rectify or remediate the deficiencies at the improved subject properties that violate the accessibility requirements of federal and state fair housing laws, enjoin each

      Defendant from designing or constructing or operating the any of the subject properties or any future dwellings or housing accommodations in a manner that violates federal and state fair housing laws, and further enjoin each Defendant from engaging in any future violations of state or federal fair housing laws;

C.   Order each of the Defendants to take such affirmative steps as the Court deems sufficient to bring the improved subject properties into compliance with the accessibility requirements of federal and state fair housing laws and to alert state agencies licensing any of the Defendants of those violations;

D.   Order Defendants McCall Development, McCall Homes, James McCall and John Does 1-5 to pay to Intervening Plaintiff an amount of damages that a jury determines is sufficient to rectify the harm done to Fair Housing as a result of the unlawful acts of those Defendants;

E.   Order Defendants McCall Development, McCall Homes, James McCall and John Does 1-5 to pay punitive damages in amounts a jury determines is sufficient to deter those defendants and similarly situated others from engaging in violations of federal fair housing laws in the future;

F.   Order Defendants McCall Development, McCall Homes, James McCall and John Does 1-5 and each of them to pay the Plaintiff its costs, including

reasonable attorney fees, for prosecuting this action in an appropriate post-judgment proceeding;

G.  Grant such other relief as the Court deems fair and equitable.

Signed this 30th day of December, 2018.

/s/ Timothy C. Kelly

_____
Timothy C. Kelly, Attorney for Plaintiff Montana Fair Housing, Inc.

## JURY REQUEST

Plaintiff requests a trial by jury as permitted by law.

/s/ Timothy C. Kelly

_____
Timothy C. Kelly, Attorney for Plaintiff Montana Fair Housing, Inc.